UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SCOTT JOHNSON,<br><br>   Plaintiff,<br><br> v.<br><br>LAYERS, LLC, et al.,<br><br>   Defendants. | Case No. 5:21-cv-05929-EJD<br><br>**ORDER GRANTING IN PART APPLICATION FOR DEFAULT JUDGMENT**<br><br>Re: Dkt. No. 29 |

Plaintiff Scott Johnson brings this action against Layers, LLC, and AARAV Restaurant Management, Inc. (together, "Defendants"), alleging violations of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, et seq., and the California Unruh Civil Rights Act (the "Unruh Act"), Cal. Civ. Code §§ 51-53. *See* First Amended Complaint ("Compl.") ¶¶ 29-42, Dkt. No. 17. Before the Court is Plaintiff's Application for Default Judgment. He seeks injunctive relief, along with statutory damages and attorneys' fees and costs. Application for Default Judgment ("Mot."), Dkt. No. 29. Defendants have not appeared in this matter and did not oppose or otherwise respond to the Application, despite having been served. This matter is suitable for disposition without oral argument pursuant to Civil Local Rule 7-1(b). For the reasons stated below, Plaintiff's Application for Default Judgment is granted in part.

Case No.: 5:21-cv-05929-EJD
ORDER GRANTING IN PART MOTION FOR DEFAULT JUDGMENT
1

**I.      BACKGROUND[1]**

Plaintiff is a level C-5 quadriplegic who cannot walk and has significant manual dexterity impairments. Compl. ¶ 1. Plaintiff uses a wheelchair for mobility and has a specially equipped van. *Id*. Defendant Layers LLC ("Layers") owned Patxi's Pizza located at 441 Emerson Street, Palo Alto, California, between April 2021 and June 2021. *Id*. ¶ 2; *see also* Ex. 5, Dkt. No. 29-7. Plaintiff also alleges that Defendant AARAV Restaurant Management Inc. ("AARAV") was the owner of Patxi's Pizza at the time Plaintiff filed the First Amended Complaint. Compl. ¶¶ 3-4; *see also* Ex. 5, Dkt. No. 29-7.

Plaintiff alleges that he visited Patxi's Pizza in April and June 2021 with the intent to avail himself of its goods or services and to determine if Defendants complied with disability access laws. Compl. ¶ 9. When Plaintiff visited Patxi's Pizza, he found that it did not provide wheelchair accessible outside dining surfaces. *Id*. ¶¶ 11–12. The outside dining surfaces did not have sufficient knee or toe clearance for wheelchair users. Declaration of Scott Johnson in Support of Plaintiff's Request for Default Judgment ("Johnson Decl."), ¶ 3, Dkt. No. 29-4.

Plaintiff alleges that he will return to Patxi's Pizza to avail himself of its goods or services and to determine compliance with the disability access laws once it is represented to him that the restaurant and its facilities are accessible. Compl. ¶ 21. Plaintiff alleges he is currently deterred from returning to the restaurant because of his knowledge of the existing barriers and his uncertainty about the existence of yet other barriers on the site. *Id*.

Plaintiff initiated this action for injunctive relief and damages under the ADA and Unruh Act on August 1, 2021. Dkt. No. 1. Plaintiff filed the First Amended Complaint on December 10, 2021. Plaintiff sought entry of default as to each Defendant on February 22, 2022, which the Clerk entered on February 24, 2022. Dkt. Nos. 23-26. On March 15, 2022, Plaintiff filed the present Application for Default Judgment. Dkt. No. 29. As noted previously, neither Defendant has made any appearance in the action. Plaintiff seeks $8,000.00 in damages and $4,488.50 in

---

[1] The Background is a summary of the allegations in the First Amended Complaint.

Case No.: 5:21-cv-05929-EJD
ORDER GRANTING IN PART MOTION FOR DEFAULT JUDGMENT
2

attorneys' fees and costs. Plaintiff also seeks an order directing Defendants to provide wheelchair accessible outside dining surfaces at the property located at 441 Emerson Street, Palo Alto, California.

## II.  STANDARDS

Default judgment may be granted when a party fails to plead or otherwise defend against an action for affirmative relief. Fed. R. Civ. P. 55(a). Discretion to enter default judgment rests with the district court. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). When deciding whether to enter default judgment, the court considers:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the underlying default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (citing 10 Moore's Federal Practice § 55). In evaluating these factors, all factual allegations in the complaint are taken as true, except those relating to damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).

## III.  DISCUSSION

Before entering default judgment, a court must determine whether it has subject matter jurisdiction over the action and personal jurisdiction over the defendant. *See In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) ("A judgment entered without personal jurisdiction over the parties is void.").

### A.  Subject Matter Jurisdiction

District courts have subject matter jurisdiction over all civil actions arising under the laws of the United States. 28 U.S.C. § 1331. Further, in any civil action where the district courts have subject matter jurisdiction, the district courts will also have supplemental jurisdiction over all other claims that are so related to claims in the action, such that they form part of the same case or controversy. 28 U.S.C. § 1367. Plaintiff's ADA claim presents a civil action arising under a law

Case No.: 5:21-cv-05929-EJD
ORDER GRANTING IN PART MOTION FOR DEFAULT JUDGMENT
3

1  of the United States. Therefore, this Court has subject matter jurisdiction over Plaintiff's ADA
2  claim and supplemental jurisdiction over the Unruh Act claim because it arises out of the same
3  "case or controversy."

### B. Personal Jurisdiction

Serving a summons establishes personal jurisdiction over a defendant who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located. Fed. R. Civ. P. 4(k)(1). Pursuant to Rule 4(e) of the Federal Rules of Civil Procedure, an individual defendant may be served by: (1) delivering a copy of the summons and complaint to the individual personally; (2) leaving a copy of the summons and complaint at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (3) delivering a copy of the summons and complaint to an agent authorized by appointment or law to receive service of process. Fed. R. Civ. P. 4(e)(2). Alternatively, an individual defendant may be served with process pursuant to the law of the state where the district court is located. Fed. R. Civ. P. 4(e)(1).

Under California law, individual defendants may be served by several means, including personal delivery of the summons and complaint to the individual or the individual's authorized agent. Cal. Code Civ. Proc. §§ 415.10, 416.90. An individual defendant may also be served under California law through substituted service by "leaving a copy of the summons and complaint during usual office hours in [the defendant's] office . . . with the person who is apparently in charge thereof . . . and by thereafter mailing a copy of the summons and complaint . . . where a copy of the summons and complaint were left." Cal. Code Civ. Proc. § 415.20(a).

The record indicates that Plaintiff successfully effectuated personal service on Defendant Layers on January 25, 2022, and on Defendant AARAV on January 17, 2022. Dkt. Nos. 23-24. The Court is satisfied that Plaintiff gave Defendants proper service of process under both the Federal Rules of Civil Procedure and the California Code of Civil Procedure. Therefore, the Court has personal jurisdiction over Defendants.

Case No.: 5:21-cv-05929-EJD
ORDER GRANTING IN PART MOTION FOR DEFAULT JUDGMENT
4

### C. *Eitel* Factors

The Court finds that the *Eitel* factors weigh in favor of granting Plaintiff's motion.

#### 1. Possibility of Prejudice to the Plaintiff

The first *Eitel* factor requires the Court to consider whether Plaintiff would be prejudiced if default judgment is not entered. If default judgment is not entered, Plaintiff will have no means of recourse against Defendants. As such, Plaintiff will be prejudiced if default judgment is not entered. *See*, *e.g.*, *Johnson v. In Suk Jun*, No. 19-CV-06474-BLF, 2020 WL 6507995, at *3 (N.D. Cal. Nov. 5, 2020); *Ridola v. Chao*, No. 16-CV-02246-BLF, 2018 WL 2287668, at *5 (N.D. Cal. May 18, 2018) (finding that plaintiff would be prejudiced if default judgment was not entered because she "would have no other means of recourse against Defendants for the damages caused by their conduct").

#### 2. Substantive Merits and Sufficiency of the Claims

Under the second and third *Eitel* factors, the Court must examine the merits of a plaintiff's substantive claims and the sufficiency of the complaint. *Eitel*, 782 F.2d at 1471–72; *see also Bd. of Trustees, I.B.E.W. Local 332 Pension Plan Part A v. Delucchi Elec., Inc.*, No. 5:19-CV-06456-EJD, 2020 WL 2838801, at *2 (N.D. Cal. June 1, 2020) ("Courts often consider the second and third *Eitel* factors together.") (citing *PepsiCo, Inc. v. Cal. Security Cans*, 283 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002)). At this stage, the Court takes "the well-pleaded factual allegations" in the complaint as true. However, the "defendant is not held to admit facts that are not well pleaded or to admit conclusions of law." *DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007). "[N]ecessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

The motion seeks default judgment on two claims: (a) a violation of the ADA; and (b) a violation of the Unruh Act. The Court examines each claim in turn.

##### a. Title III of the ADA

Title III of the ADA prohibits discrimination based on disability within places of public accommodation. Pursuant to 42 U.S.C. § 12182(a) "[n]o individual shall be discriminated against

Case No.: 5:21-cv-05929-EJD
ORDER GRANTING IN PART MOTION FOR DEFAULT JUDGMENT
5

1    on the basis of disability in the full and equal enjoyment of the goods, services, facilities,

2    privileges, advantages, or accommodations of any place of public accommodation by any person

3    who owns, leases (or leases to), or operates a place of public accommodation." For the purposes

4    of Title III, discrimination includes "a failure to remove architectural barriers . . . in existing

5    facilities . . . where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv).

6    "Readily achievable" is defined as "easily accomplishable and able to be carried out without much

7    difficulty or expense." 42 U.S.C. § 12181(9).

8          First, Plaintiff must establish Article III standing to bring a claim under the ADA. To

9    establish Article III standing, Plaintiff must demonstrate he suffered an injury in fact, traceable to

10   Defendants' conduct, and redressable by a favorable court decision. *Ridola*, 2018 WL 2287668, at

11   *5 (citing *Hubbard v. Rite Aid Corp.*, 433 F. Supp. 2d 1150, 1162 (S.D. Cal. 2006)). Plaintiff

12   claims that he suffers from a disability within the meaning of the ADA. Compl. ¶ 1. Plaintiff also

13   alleges that he personally encountered the lack of wheelchair accessible outside dining surfaces at

14   Patxi's Pizza, which is an access barrier under the ADA. *Id.* ¶ 10–22. Further, Plaintiff claims

15   that he will return to Patxi's Pizza once its facilities are made accessible. *Id.* ¶ 27. Because

16   Plaintiff's factual allegations are accepted as true, and an award of statutory damages and

17   injunctive relief would redress Plaintiff's alleged injuries, the Court finds that Plaintiff has Article

18   III standing to sue under the ADA. *See Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1008 (C.D.

19   Cal. 2014) ("Indeed, '[d]emonstrating an intent to return to a non-compliant accommodation is but

20   one way for an injured plaintiff to establish Article III standing to pursue injunctive relief.' ")

21   (quoting *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 949 (9th Cir. 2011)).

22         Next, Plaintiff must establish all the elements of a Title III discrimination claim. He must

23   show that (1) he is disabled within the meaning of the ADA; (2) Defendants own, lease, or operate

24   a place of public accommodation; and (3) he was denied public accommodations by Defendants

25   because of his disability. *See Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007). To

26   succeed on an ADA claim based on architectural barriers, Plaintiff "must also prove that: (1) the

27   existing facility presents an architectural barrier prohibited under the ADA; and (2) the removal of

Case No.:   5:21-cv-05929-EJD
ORDER GRANTING IN PART MOTION FOR DEFAULT JUDGMENT
6

the barrier is readily achievable." *Ridola*, 2018 WL 2287668, at *5.

Under the ADA, a physical impairment that substantially affects a major life activity, such as walking, qualifies as a disability. 42 U.S.C. §§ 12102(1)(A), (2)(A). As noted, Plaintiff is a C-5 quadriplegic who uses a wheelchair for mobility. Compl. ¶ 1. Thus, Plaintiff has established that he has a disability within the meaning of the ADA.

With respect to Defendants' ownership or operation of the place of public accommodation, Plaintiff alleges that Layers and AARAV owned Patxi's Pizza at the time of Plaintiff's visits. Compl. ¶¶ 2-5. Plaintiff submitted evidence to substantiate this allegation. Exhibit 5, Dkt. No. 29-7; Exhibit 9, Dkt. No. 29-11. Plaintiff alleges that during his visit to Patxi's Pizza, he personally encountered access barriers with respect to the lack of wheelchair accessible outside dining surfaces and was therefore denied public accommodations by Defendants because of his disability. Compl. ¶¶ 11–12. Specifically, he contends that the lack of sufficient knee and toe clearance beneath the outside dining surfaces violates § 306 of the 2010 ADA Standards. Mot. at 8–9. Plaintiff has submitted several photographs that document the violation. *See* Exhibit 4, Dkt. No. 29-6. Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has sufficiently established that Patxi's Pizza has an architectural barrier prohibited under the ADA.

Finally, with respect to the requirement that removal of the barriers be "readily achievable," Plaintiff argues that this question is an affirmative defense that must be pled by the answering party. *See* Mot. at 12 (citing *Wilson v. Haria & Gogri Corp.*, 479 F. Supp. 2d 1127, 1133 (E.D. Cal. 2007)). Accordingly, Plaintiff believes that this affirmative defense has been waived because Defendants have not appeared in this matter. *Id*.

The Ninth Circuit follows a burden-shifting framework to determine who bears the burden of proving that removal of an architectural barrier is readily achievable. *See Lopez v. Catalina Channel Express, Inc.*, 974 F.3d 1030 (9th Cir. 2020). Under this burden-shifting analysis, "the plaintiff bears the initial burden of plausibly showing that a proposal for removing a barrier is readily achievable, and then the defendant bears the ultimate burden of persuasion on an affirmative defense that removal of a barrier is not readily achievable." *In Suk Jun*, 2020 WL

Case No.: 5:21-cv-05929-EJD
ORDER GRANTING IN PART MOTION FOR DEFAULT JUDGMENT
7

6507995, at *5 (citing *Lopez*, 974 F.3d at 1034–39).

The Court finds that Plaintiff has met his initial burden of plausibly showing that removal of the identified barrier is readily achievable. Plaintiff alleges that the identified barrier is "easily removed without much difficulty or expense" and that it is the type of barrier "identified by the Department of Justice as presumably readily achievable to remove." Compl. ¶ 26. Additionally, the Complaint alleges that "there are numerous alternative accommodations" to provide people with disabilities a greater level of access even if Defendants could not achieve a complete removal of barriers. *Id*. At the default judgment stage, courts have found allegations similar to Plaintiff's are sufficient. *See*, *e.g.*, *Ridola*, 2018 WL 2287668, at *10-*11 (concluding that plaintiff met his burden with respect to defendant's parking spaces and guestrooms).

Because Defendants have not appeared in this action, they necessarily have failed to meet their burden of showing that removal of the identified barrier is not readily achievable. Thus, the Court finds that Plaintiff has established the requisite elements of an ADA claim.

### b. Unruh Civil Rights Act

"Any violation of the ADA necessarily constitutes a violation of the Unruh Act." *Molski*, 481 F.3d at 731. Because Plaintiff has established an ADA claim based on architectural barriers at Patxi's Pizza, he has also established an Unruh Act claim as to those barriers.

### 3. Sum of Money in Dispute

"When the money at stake in the litigation is substantial or unreasonable, default judgment is discouraged." *Bd. of Trustees v. Core Concrete Const., Inc.*, No. 11-CV-002532 LB, 2012 WL 380304, at *4 (N.D. Cal. Jan. 17, 2012), report and recommendation adopted, No. 11-CV-02532 JSW, 2012 WL 381198 (N.D. Cal. Feb. 6, 2012). However, "where the sum of money at stake is tailored to the specific misconduct of the defendant, default judgment may be appropriate." *Id*. (citing *Bd. of Trustees of the Sheet Metal Workers Health Care Plan of N. Cal. v. Superhall Mech., Inc.*, No. 10-CV-2212 EMC, 2011 WL 2600898, at *2 (N.D. Cal. June 30, 2011)).

Plaintiff seeks statutory damages of $8,000 under the Unruh Act, $3,585 in attorneys' fees, and $935.50 in costs. The Court reduces the requested fees as discussed below. While the sum

Case No.: 5:21-cv-05929-EJD
ORDER GRANTING IN PART MOTION FOR DEFAULT JUDGMENT
8

1    awarded is not insignificant, the Court finds that it is proportional to the conduct alleged and that
2    this factor weighs in favor of default judgment.

### 4. Possibility of Dispute Concerning Material Facts

Under the fifth and sixth *Eitel* factors, the Court considers whether there is a possibility of a dispute over material facts and whether Defendants' failure to respond was the result of excusable neglect. *Eitel*, 782 F.2d at 1471-72; *Love v. Griffin*, No. 18-CV-00976 JSC, 2018 WL 4471073, at *5 (N.D. Cal. Aug. 20, 2018), report and recommendation adopted, No. 18-CV-00976-JD, 2018 WL 4471149 (N.D. Cal. Sept. 17, 2018); *Ridola*, 2018 WL 2287668, at *13.

The First Amended Complaint asserts plausible claims for violations of the ADA and the Unruh Act, and all liability-related allegations are deemed true. *See TeleVideo Systems, Inc.*, 826 F.2d at 917–18 (quoting *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)) ("The general rule of law is that upon default the factual allegations of the complaint . . . will be taken as true."). Thus, there are no disputes as to Plaintiff's allegations.

Defendants were served with the First Amended Complaint, the Motions for Entry of Default, and the Application for Default Judgment. Dkt. Nos. 20, 21, 23, 24, 29. Despite being properly served, Defendants have not appeared. Thus, there is no indication that Defendants' default was due to excusable neglect. *See In Suk Jun*, 2020 WL 6507995, at *6 (finding that defendants' failure to appear suggests that they chose not to present a defense).

Accordingly, the fifth and sixth *Eitel* factors weigh in favor of default judgment.

### 5. Strong Policy Favoring Decisions on the Merits

The last *Eitel* factor examines whether the policy of deciding a case based on the merits precludes entry of default judgment. *Eitel*, 782 F.2d at 1472. In *Eitel*, the Ninth Circuit admonished that "[c]ases should be decided on their merits whenever reasonably possible." *Id*. "The existence of Federal Rule of Civil Procedure 55(b), however, shows that this policy is not dispositive." *McMillan Data Commc'ns, Inc. v. AmeriCom Automation Servs., Inc.*, No. 14-CV-03127 JD, 2015 WL 4380965, at *11 (N.D. Cal. July 16, 2015) (citing *Kloepping v. Fireman's Fund, No*. C 94-2684 TEH, 1996 WL 75314, at *3 (N.D. Cal. Feb. 13, 1996)). Moreover, a

Case No.: 5:21-cv-05929-EJD
ORDER GRANTING IN PART MOTION FOR DEFAULT JUDGMENT
9

defendant's failure to appear renders a decision on the merits impracticable, if not impossible. *Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1061 (N.D. Cal. 2010) (citation and quotation marks omitted).

Defendants' failure to participate in the proceedings makes a decision on the merits impracticable. "In situations such as this, Rule 55(b) allows the court to grant default judgment." *Bd. of Trustees v. Diversified Concrete Cutting, Inc.*, No. 17-CV-06938 MEJ, 2018 WL 3241040, at *5 (N.D. Cal. July 3, 2018), report and recommendation adopted sub nom. *Bd. of Trustees as Trustees of Laborers Health & Welfare Tr. Fund for N. Cal. v. Diversified Concrete Cutting, Inc.*, No. 17-CV-06938-RS, 2018 WL 4775429 (N.D. Cal. July 27, 2018). As such, the seventh *Eitel* factor weighs in favor of default judgment.

After considering all seven *Eitel* factors and the circumstances of this case, the Court finds that default judgement is warranted and GRANTS Plaintiff's Application for Default Judgment against Defendants.

### D. Relief Requested

Because this Court concludes that default judgment is warranted, it now considers Plaintiff's request for injunctive relief, statutory damages under the Unruh Act, and attorneys' fees and costs.

#### 1. Injunctive Relief

Plaintiff seeks an order requiring Defendants to provide wheelchair accessible outside dining surfaces at Patxi's Pizza. Mot. at 15; *see also* Proposed Order, Dkt. No. 29-12. Aggrieved individuals "may obtain injunctive relief against public accommodations with architectural barriers, including 'an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities.' " *Molski*, 481 F.3d at 730 (quoting 42 U.S.C. § 12188(a)(2)). Injunctive relief is also available under the Unruh Act. *See* Cal. Civ. Code § 52.1. "The standard requirements for equitable relief need not be satisfied when an injunction is sought to prevent the violation of a federal statute that specifically provides for injunctive relief." *Antoninetti v. Chipotle Mexican Grill, Inc.*, 643 F.3d 1165, 1175-76 (9th Cir. 2010) (citations

Case No.: 5:21-cv-05929-EJD
ORDER GRANTING IN PART MOTION FOR DEFAULT JUDGMENT
10

1   omitted).  Thus, injunctive relief is proper under the ADA where the plaintiff establishes that

2   "architectural barriers at the defendant's establishment violate the ADA and the removal of the

3   barriers is readily achievable." *Ridola*, 2018 WL 2287668, at *13 (citing *Moreno v. La Curacao*,

4   463 F. App'x 669, 670 (9th Cir. 2011)).

5   As discussed above, Plaintiff has shown that he is entitled to injunctive relief with respect

6   to the wheelchair accessible outside dining surfaces at Patxi's Pizza.  Therefore, the Court

7   GRANTS his request for injunctive relief.

### 2. Statutory Damages

Plaintiff seeks $8,000 in statutory damages for Defendants' violation of the Unruh Act. The Unruh Act provides a minimum statutory damages award of $4,000 for each violation. Cal. Civ. Code § 52(a).  Plaintiff "need not prove [he] suffered actual damages to recover the independent statutory damages of $4,000" per violation. *Molski*, 481 F.3d at 731.  "Any violation of the ADA necessarily constitutes a violation of the Unruh Act." *Id*. at 731 (citing Unruh Act, Cal. Civ. Code § 51(f)).

Plaintiff has sufficiently pled that the outside dining surfaces at Patxi's Pizza did not meet ADA standards.  This barrier constitutes a violation of the Unruh Act.  Therefore Plaintiff is entitled to statutory damages.  However, the requested $8,000 ($4,000 for each Defendant) is not warranted. *See e.g.*, *Love v. Thompson*, No. 19-CV-01285 KAW, 2021 WL 6882379, at *6 (N.D. Cal. Feb. 19, 2021), report and recommendation adopted, 2021 WL 6882388, at *1 (N.D. Cal. Apr. 2, 2021) (awarding $4,000 in statutory damages against defendants jointly and severally); *Johnson v. Singh*, No. 17-CV-00368 TLN, 2020 WL 4059551, at *1 (E.D. Cal. July 20, 2020) (same).

Plaintiff is awarded $4,000 in statutory damages against Defendants Layers and AARAV jointly and severally.

### 3. Attorneys' Fees

Plaintiff requests $3,585 in attorneys' fees.  Both the ADA and the Unruh Act permit recovery of fees by a prevailing plaintiff.  42 U.S.C. § 12205; Cal. Civ. Code § 55.  Such fee-

shifting statutes "enable private parties to obtain legal help in seeking redress for injuries resulting from actual or threatened violation of specific . . . laws." *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986), supplemented, 483 U.S. 711 (1987). Recovery statutes, however, are not intended "to punish or reward attorneys." *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1047 (9th Cir. 2000). To calculate recoverable fees, both federal and state courts look to the lodestar method. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Ketchum v. Moses*, 24 Cal. 4th 1122, 1132 (2001). The court arrives at this figure by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Hensley*, 461 U.S. at 433; *Ketchum*, 24 Cal. 4th at 1132.

### a. Hourly Rate

Plaintiff is represented by attorneys with Potter Handy LLP (also known as the Center for Disability Access). Counsel's billing rates are: $650/hour for Mark Potter and Russell Handy; $500/hour for Amanda Seabock and Isabel Masanque; and $400/hour for Tehniat Zaman. Declaration of Russell Handy in Support of Plaintiff's Application for Default Judgment ("Handy Decl."), Dkt. No. 29-3. Plaintiff's counsel asserts that these rates fall within the median market for attorneys in the Northern District of California with similar qualifications, offering the 2010 Pearl Declaration, the 2020 Real Rate Report, and the 2019 O'Connor Declaration in support. Dkt. Nos. 29-8, 29-9, 29-10.

The evidence Potter Handy has submitted to support its requested rates is not persuasive. The 2010 Pearl Declaration is outdated, the 2020 Real Rate Report is not focused on the market for ADA legal work, and the O'Connor Declaration identifies a range of rates without establishing that Potter Handy LLP's rates should fall on the higher end of that range. Moreover, numerous judges in this district have held that Potter Handy's requested rates are unreasonably high, given the routine and formulaic nature of the ADA cases litigated by the firm. Rather, courts in this district have routinely awarded $475 an hour to partners in ADA cases, $350 an hour to experienced associates, and $250 an hour to new associates. *See*, *e.g.*, *Whitaker v. D.S.A. Sports, Inc.*, No. 21-CV-8770 BLF, 2022 WL 4280639, at *6 (N.D. Cal. Sept. 15, 2022); *Johnson v.*

Case No.: 5:21-cv-05929-EJD
ORDER GRANTING IN PART MOTION FOR DEFAULT JUDGMENT
12

*Ramirez*, No. 20-CV-04359 TSH, 2022 WL 1019554, at *12 (N.D. Cal. Mar. 15, 2022), report and recommendation adopted, No. 20-CV-04359 SI, 2022 WL 1016573 (N.D. Cal. Apr. 5, 2022); *Garcia v. Woldemichael*, No. 21-CV-05079 DMR, 2022 WL 3590328, at *10 (N.D. Cal. Aug. 22, 2022); *Whitaker v. Ngin*, No. 21-CV-03087 AGT, 2022 WL 4540989, at *2 (N.D. Cal. Aug. 26, 2022), report and recommendation adopted, No. 21-CV-3087 VC, 2022 WL 4544197 (N.D. Cal. Sept. 28, 2022); *Johnson v. Izaan, LLC*, No. 21-CV-02664 JD, 2022 WL 4624788, at *3 (N.D. Cal. Sept. 30, 2022); *Johnson v. Lo*, No. 20-CV-06096 PJH, 2021 WL 5236552, at *4 (N.D. Cal. Oct. 21, 2021); *Johnson v. Nuoc Mia Vien Dong 2, LLC*, No. 21-CV-01618 CRB, 2021 WL 3271232, at *5 (N.D. Cal. July 30, 2021); *Johnson v. Patel*, No. 18-CV-00211 MMC, 2020 WL 1865304, at *5-6 (N.D. Cal. Apr. 14, 2020). The Court finds the analyses in the cases above persuasive and accordingly will award $475/hour (not $650/hour) for Mark Potter, $350/hour (not $500/hour) for Amanda Seabock and Isabel Masanque, and $250/hour (not $400/hour) for Tehniat Zaman. There is no information regarding biller Adrian Slipski's legal education; therefore, the Court assumes this biller is a legal assistant or paralegal.

As for the rate billed by counsel's legal assistants and paralegals including Marcus Handy, the requested $100/hour is reasonable. *See Johnson v. Lo*, No. 20-CV-06096 PJH (AGT), 2021 WL 5236552, at *4 (N.D. Cal. Oct. 21, 2021) (holding in another ADA case that $100/hour was a reasonable rate for all of Potter Handy's paralegals) (citing *Johnson v. Shahkarami*, No. 20-CV-07263 BLF, 2021 WL 1530940, at *10 (N.D. Cal. Apr. 19, 2021)).

### b. Hours Billed

The Court has reviewed the collective 13.5 hours billed by the attorneys and staff in this matter and finds that the requested hours for legal assistants and other staff are excessive. It was inefficient for more than ten legal assistants and other staff to have worked on this relatively straightforward case. Therefore, the Court will only award 4.6 of the 9.2 hours requested for legal assistants and staff. Using the reasonable rates outlined above and the hours invoiced, the Court awards attorneys' fees of $1,897.50 as detailed below.

Attorney/Staff        Total Time     Hourly Rate     Amount

Case No.: 5:21-cv-05929-EJD
ORDER GRANTING IN PART MOTION FOR DEFAULT JUDGMENT
13

| | | | |
|---|---|---|---|
| M. Potter | 0.5 | $475 | $237.50 |
| A. Seabock | 0.1 | $350 | $35.00 |
| I. Masanque | 1.5 | $350 | $525.00 |
| T. Zaman | 2.2 | $250 | $550.00 |
| Staff | 4.6 | $100 | $460.00 |
| Total | 8.9 | | $1,807.50 |

### 4. Costs

Section 505 of the ADA authorizes reasonable "litigation expenses and costs" in any action brought under the Act. 42 U.S.C. § 12205. This includes all costs normally associated with litigation including investigative costs. *Lovell v. Chandler*, 303 F.3d 1039, 1058 (9th Cir. 2002). Plaintiff seeks $933.50 in costs[2] consisting of $402 in filing fees, $400 in investigation costs, and $131.50 in service costs.

The filing fee and service costs are documented. *See* Dkt. Nos. 1 ($402 filing fee), 20 ($35 service fee), No. 21 ($96.50 service fee). The investigation costs, however, are not adequately documented. Investigator Randall Marquis attests to visiting Patxi's Pizza, measuring the knee clearance for wheelchair users and taking photographs, but does not indicate how long this assessment took or provide an hourly rate. *See* Dkt. No. 29-5. In the absence of any other information, the Court will reduce the investigation costs to $100 to account for one hour to visit Patxi's Pizza to take measurements and photograph at the rate of $100/hour.

The Court therefore awards $633.50 in costs.

## IV. CONCLUSION

For the reasons stated above, the Application for default judgment as to Defendants Layers and AARAV is GRANTED in part.

Plaintiff is awarded statutory damages in the amount of $4,000, attorneys' fees in the amount of $1,807.50, and costs in the amount of $633.50, for a total judgment of $6,441 for which

---

[2] The $935.50 stated on page 22 of the Application appears to be a typographical error.

Case No.: 5:21-cv-05929-EJD
ORDER GRANTING IN PART MOTION FOR DEFAULT JUDGMENT
14

Defendants are liable jointly and severally.

Plaintiff's request for injunctive relief is GRANTED. To the extent that they have the legal right and ability to do so, Defendants are hereby ordered to provide wheelchair accessible outside dining surfaces at Patxi's Pizza located at 441 Emerson Street, Palo Alto, California, in compliance with the Americans with Disabilities Act Accessibility Guidelines no later than six months after service of this injunction.

**IT IS SO ORDERED.**

Dated: October 25, 2022

EDWARD J. DAVILA
United States District Judge

Case No.: 5:21-cv-05929-EJD
ORDER GRANTING IN PART MOTION FOR DEFAULT JUDGMENT
15